HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERARDO RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>SOHI HEMIT, SOON KIM, ALL UNKNOWN INVESTIGATORS FOR THE POST OFFICE, ALL UNKNOWN INVESTIGATORS FOR THE INSPECTOR GENERAL, ALL UNKNOWN INVESTIGATORS FOR THE CONSUMER AFFAIRS,<br><br>Defendants. | NO. C16-0778 RAJ<br><br>ORDER |

## I.  INTRODUCTION

This matter comes before the Court upon Defendants' motion to dismiss (Dkt. # 26) and Plaintiff's motion for reconsideration, extension of time and to compel (Dkt. # 30).

## II.  BACKGROUND

This lawsuit arises from Plaintiff's encounters with his mail carrier. Plaintiff claims that he complained to the U.S. Post Office in July 2015 about the bad attitude of Sohi Hemit, Plaintiff's mail carrier. Dkt. 1-1 (Complaint) at 1. Plaintiff avers that Hemit began throwing trash in Plaintiff's mailbox in retaliation for this complaint. *Id.* Plaintiff alleges that he

ORDER - 1

appealed to Soon Kim, the Post Master General, as well as to Kim's superiors to no avail. *Id.* at 2. Plaintiff claims that he experienced further retaliation for his insistence on an investigation into the initial complaint. *Id.* For example, Plaintiff states that Hemit tampered with his mail on one occasion and, on another occasion, stole $60.00 by slicing open three letters meant for Plaintiff. *Id.* Plaintiff claims that the harassment has not stopped. *Id.*

On May 25, 2016, Plaintiff filed suit against Hemit, Kim, and a slew of unknown defendants. Dkt. # 1. In order to properly serve the unknown defendants, Plaintiff requested permission to propound early discovery. Dkt. # 22. The Court granted his request, allowing Plaintiff to propound discovery no later than January 31, 2017. Dkt. # 23. On January 17, 2017, Plaintiff filed a motion to compel, arguing that he propounded discovery but Defendants refused to comply. Dkt. # 24. Instead, Defendants answered that Plaintiff's motion for discovery was "improper and objectionable under" the Federal Rules of Civil Procedure. Dkt. # 24 at 8. Defendants stated they had "no obligation to provide responses to these discovery requests, and no further response, other than [this letter,] will be forthcoming." *Id.* The Court struck part of Plaintiff's motion to compel for failure to comply with LCR 37(a)(1) but reiterated that "Defendants shall respond to Plaintiff's discovery no later than 30 days after receipt." Dkt. # 25.

The parties did not file additional briefs regarding discovery. On March 23, 2017, the Court noted that the deadlines for early discovery had passed and therefore dismissed the unknown defendants. Dkt. # 29.

Defendants now request that the Court dismiss the matter pursuant to Rule 4(m). Dkt. # 26. Plaintiff moves to compel Defendants to respond to his discovery requests. Dkt. # 30.

### III.  DISCUSSION

A. <u>Service</u>

In a suit against a federal employee in her official capacity, Rule 4(i)(3) requires a plaintiff to serve both the employee and the United States. Fed. R. Civ. P. 4(i)(3). Rule 4(i)(1) instructs plaintiffs on how to serve the United States.

ORDER - 2

Plaintiff's *pro se* status does not excuse him from abiding by applicable rules and deadlines. However, in the context of Rule 4—and specifically in the context of Rule 4(i)—the Ninth Circuit has recognized "a liberal and flexible construction." *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). Moreover, Rule 4 provides some leeway to a plaintiff who successfully serves the employee but not the United States. In such a case, the "court must allow a party a reasonable time to cure its failure." Fed. R. Civ. P. 4(i)(4)(B).

In this case, Plaintiff served the named defendants but failed to serve the United States. In response, Plaintiff contends that the United States is on notice because the Department of Justice responded to his application for default and has authored many of the briefs in this matter. Dkt. ## 17, 26. In the alternative, Plaintiff requests assistance from the Court in properly serving the United States. Dkt. # 28.

The Court will allow Plaintiff reasonable time to cure the issue with service in this matter. *See* Fed. R. Civ. P. 4(i)(4)(B). The Court directs the Clerk to issue service upon the United States. 28 U.S.C. § 1915(d). The Clerk is directed to send by first-class mail to the United States attorney for the Western District of Washington the following documents: a copy of Plaintiff's complaint and this Order, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's office. The Clerk is further directed to send these same documents, by registered or certified mail, to the Attorney General of the United States. Fed. R. Civ. P. 4(i)(B).

    B. Early Discovery

On two occasions, the Court granted Plaintiff early discovery to ascertain the names of the "unknown" defendants. Dkt. ## 23, 25. The Court dismissed the unknown defendants after it appeared that Plaintiff did not timely amend his complaint. Dkt. # 29. However, it appears that the Government did not comply with the discovery requests. Dkt. # 24.

The Court GRANTS Plaintiff's motion for reconsideration to the extent that he may have an extension to serve the unknown defendants. The Court reiterates what it has already ordered in the past: Plaintiff may propound limited and targeted early discovery upon Defendants for the sole purpose of ascertaining the identities of the unknown defendants. To

be clear, the scope of discovery is limited to the type of request that appears in Question 3 of Plaintiff's Motion to Compel. Dkt. # 24 at 3. Such discovery must be propounded no later than August 11, 2017. Defendants shall respond to Plaintiff's discovery no later than thirty (30) days after receipt of the same. If Defendants object to the discovery requests, they shall provide Plaintiff with the reasons for the objections. Defendants are on notice that Plaintiff's discovery is targeted at identifying certain unknown defendants and shall keep this purpose in mind when submitting their response.

No later than ten (10) days after Plaintiff has received the discovery responses from Defendants, Plaintiff shall file an Amended Complaint naming those defendants whose identities were ascertained through early discovery. If no such Amended Complaint is filed by September 22, 2017, the Court will dismiss these unknown defendants without further notice to the parties.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **DENIED**. Dkt. # 26. Plaintiff's motion is **GRANTED**. Dkt. # 30.

Dated this 1st day of August, 2017.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge