UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERARDO RODRIGUEZ,<br><br>          Plaintiff,<br><br>  v.<br><br>SOHI HEMIT, et al.,<br><br>          Defendants. | CASE NO. C16-778 RAJ<br><br>ORDER |

This matter comes before the Court upon Motions to Dismiss by Defendants Sohi Hemit, Soon Kim, U.S. Post Office, Inspector General's Office, and Consumer Affairs (Dkt. # 58) and Defendant Vincent Sablan and Alan Hancock (Dkt. # 66). For the reasons set forth below, the Court **GRANTS** Defendants' Motions to Dismiss. Plaintiff's "Motion to Expedite re Motions to Dismiss" (Dkt. # 75) is hereby **DENIED AS MOOT**.

**I.    BACKGROUND**

This lawsuit arises from Plaintiff's encounters with his mail carrier. Plaintiff claims that he complained to the U.S. Post Office in July 2015 about the bad attitude of "Sohi

Hemit," Plaintiff's mail carrier. Dkt. # 1-1 (Complaint) at 1.[1] Plaintiff avers that Hemit began throwing trash in Plaintiff's mailbox in retaliation for this complaint. *Id*. Plaintiff alleges that he appealed to Soon Kim, the Post Master General, as well as to Kim's superiors, who responded but refused to come to Plaintiff's apartment to examine the "trash" that was placed in Mr. Rodriguez's mailbox. *Id*. at 2. Plaintiff claims that he experienced further retaliation for his insistence on an investigation into the initial complaint. *Id*. For example, Plaintiff states that Hemit tampered with his mail on one occasion and, on another occasion, stole $60.00 by slicing open three letters meant for Plaintiff. *Id*. Plaintiff claims that the harassment has not stopped. *Id*.

On May 25, 2016, Plaintiff filed suit against Hemit, Kim, and a slew of unknown defendants. Dkt. # 1. Plaintiff alleged that these actions or failures to act constituted violations under the Constitution and various criminal codes. Dkt. # 5. Plaintiff requested that this Court order the Postal Service to change certain procedures regarding complaints, including requiring investigators to "no longer minimize complaints" and to go "to grievants' places of residents," and to order that criminal charges be brought against "all Defendants." *Id*. at 3-4. Plaintiff also demanded $70,000 in nominal and punitive damages from each Defendant, costs and attorney's fees. *Id*.

Plaintiff filed an amended complaint on December 14, 2017. Dkt. # 41. The allegations are largely the same as the first complaint, but Plaintiff named five additional defendants: Vincent Sablan, Alan Hancock, the U.S. Post Office, the Inspector General's Office, and Consumer Affairs. *Id*. at 1. Plaintiff alleged that he complained to both Mr. Sablan and Mr. Hancock about his mail service, but both "denied" his appeals and refused to come to his apartment. *Id*. at 2. Mr. Rodriguez also alleged that he spoke of his

---

[1] Defendants observe that the correct name is Himmat Sohi, not Sohi Hemit, as Plaintiff has alleged. Dkt. # 58 at 1, n.1. Plaintiff does not contest this correction.

complaints with other employees at the "Inspector General and [] Consumer Affairs," although it is unclear what action Plaintiff alleges they took. *Id*. at 3.

On February 16, 2018, Sohi Hemit, Soon Kim, U.S. Post Office, Inspector General's Office, and Consumer Affairs moved to dismiss pursuant to Fed. R. Civ. P. 12 (b)(1) & 12(b)(6). Dkt. # 58. In response, Plaintiff filed a "Rejoinder," and Defendants filed a Reply. Dkt. ## 59, 62.[2] On April 3, 2018, Defendants Vincent Sablan and Alan Hancock filed their own Motion to Dismiss on the same grounds as the other Defendants. Dkt. # 66. Plaintiff filed a "Rejoinder" in response, and Defendants filed a Reply. Dkt. ## 69, 71.[3]

## II. DISCUSSION

The Defendants have all moved to dismiss this case for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1); 12(b)(6). Plaintiff bears the burden of establishing that the Court has subject matter jurisdiction. *See, e.g., Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989). In evaluating a 12(b)(6) motion, the Court must liberally construe the complaint in favor of the plaintiff and take its factual allegations as true. *See, e.g., Oscar v. Univ. Students Co–Operative Ass'n*, 965 F.2d 783, 785 (9th Cir.1992). The Supreme Court has explained that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of

---

[2] Plaintiff also filed two additional responses after Defendants' Reply; another "Rejoinder" and an "Addendum to My Rejoinder" on March 21, 2018 and April 4, 2018, respectively. Dkt. ## 63, 67. The Court will disregard these improper filings. In this Court, a litigant is restricted to one filing in response to a motion and must request the Court's leave before filing a surreply or, in this case, a sur-surreply. W.D. Wash. Local Rules 7(b); 7(g). Plaintiff's *pro se* status does not excuse him from abiding by applicable rules and deadlines, nor does it entitled him to unlimited filings.

[3] Here, too, Plaintiff filed two additional responses after Defendants' Reply: a "Notice of Rejoinder" that was nonetheless captioned as a "Rejoinder," and another "Rejoinder." Dkt. ## 73, 74. As stated above, the Court does not consider these improper filings.

minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal citation and quotation omitted).

Because Plaintiff is proceeding *pro se*, the Court must construe his pleading liberally, and the pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, *pro se* litigants are still "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**A. The Court Lacks Jurisdiction Over Plaintiff's Service-Based Claims**

In enacting the Postal Accountability and Enforcement Act of 2006 ("PAEA"), Congress gave jurisdiction to the Postal Regulatory Commission ("PRC") to hear complaints regarding postal rates and services. The PAEA provides a detailed procedure by which an interested party may lodge a complaint with the PRC. 39 U.S.C. § 3662. After those procedures have been followed, the party may file a petition for review with the United States Court of Appeals for the District of Columbia. 39 U.S.C. § 3663. The PAEA provides that district courts have jurisdiction to enforce, and to enjoin and restrain the U.S. Postal Service from violating, any order issued by the PRC. 39 U.S.C. § 3664. Read together, these provisions demonstrate that this Court lacks jurisdiction to consider service-related complaints in the first instance. *McDermott v. Potter*, No. C09-0776RSL, 2009 WL 2971585, at *3 (W.D. Wash. Sept. 11, 2009), *aff'd sub nom. McDermott v. Donahue*, 408 F. App'x 51 (9th Cir. 2011); *see also LeMay v. United States Postal Serv.*, 450 F.3d 797, 801 (8th Cir. 2006) (finding that the PRC has exclusive jurisdiction over complaints about unsatisfactory service).

Plaintiff's claims are based on his allegations that Defendants improperly delivered his mail by placing "trash" in his mailbox, took money out of his mail, and failed to investigate his complaints. Dkt. ## 5, 41. These are service-related complaints, therefore this Court does not have jurisdiction over them. Assuming his allegations are valid, Plaintiff must pursue his complaint directly with the Postal Service through the Postal

Regulatory Commission. 39 U.S.C. § 3662(a). If he was dissatisfied with the resolution provided by the PRC, he could have sought relief from the United States Court of Appeals for the District of Columbia within thirty days of a final decision from the PRC. 39 U.S.C. § 3663. Plaintiff, pursuant to Section 3662(a), was required to file his claim with the PRC, not this Court. By all accounts, Plaintiff failed to pursue this remedy before bringing an action before this Court.

Accordingly, Plaintiff has not exhausted his administrative remedies by pursuing a complaint with the PRC. For this reason alone, this Court lacks subject matter jurisdiction to consider Plaintiff's claims.

### B. Plaintiff Fails to State a Claim

The Court also finds that Plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's stated basis for relief derives from 42 U.S.C. § 1983. Dkt. # 5 at 1. Under 42 U.S.C. § 1983, individuals acting under color of state law are liable for deprivations of any right or privileges secured by the Constitution and federal laws. "Federal officers acting under federal authority are immune from suit under § 1983 unless the state or its agents significantly participated in the challenged activity." *Gibson v. United States*, 781 F.2d 1334, 1343 (9th Cir. 1986). However, *Bivens* actions are the judicially crafted counterparts to § 1983, and enable victims to sue individual federal officers for damages resulting from violations of constitutional rights. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). A *Bivens* action arises out of illegal or inappropriate conduct on the part of a federal official or agent in violation of a clearly established constitutional right. *Baiser v. Department of Justice, Office of U.S. Trustee*, 327 F.3d 903, (9th Cir. 2003). *Bivens* allows for liability for individuals who are in direct employ of the federal government, including postal workers. *See, e.g*, *DiBenedetto v. Diaz*, No. 117CV01605DADMJS, 2018 WL 692104, at *2 (E.D. Cal. Feb. 1, 2018) (citation omitted). Accordingly, for the purposes of this Order, the Court construes Plaintiff's Section 1983 claims as *Bivens* claims.

To prevail on a *Bivens* claim, a plaintiff must show (1) they were deprived of a right secured by the Constitution, and (2) the defendant acted under color of federal law. *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003). A *Bivens* claim is not available against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). This alone bars Plaintiff's *Bivens* claims against the institutional Defendants "U.S. Post Office, Inspector General's Office, and Consumer Affairs." Moreover, to the extent Plaintiff's *Bivens* claims are advanced against Soon Kim, Vincent Sablan, and Alan Hancock in their official capacity, the claims must be construed as pled against the United States, which are not cognizable. *Bivens* claims cannot be brought against a federal agency or a federal employee in his or her official capacity. *Meyer*, 510 U.S. at 486 (1994); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996).

Defendants argue that the allegations contained in Plaintiff's Complaint present a "new context" for *Bivens* claims that is "disfavored" by the Supreme Court under *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857-60 (2017) ("The Court has made clear that [further] expanding the Bivens remedy is now a 'disfavored' judicial activity"). When considering whether Plaintiffs may bring a *Bivens* claim, the Court considers (1) whether the claim arises in a new *Bivens* context and if so, (2) whether special factors counsel hesitation in the absence of affirmative action by Congress. *Ziglar*, 137 S. Ct. at 1857, 1864. A claim arises in a new context whenever it is "different in a meaningful way from previous *Bivens* cases decided by the Court." *Id*. at 1864. Meaningful differences may include "the rank of officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how the officer should [have responded]; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion . . . into the function[ ]of other branches;" or the presence of factors not previously considered. *Id*. at 1860.

This Court agrees with Defendants that the present case presents a "new context" within the meaning of *Ziglar*. Defendants observe that the present situation, i.e.

unidentified constitutional claims against post service workers for alleged interruptions and improper postal service, has never before been the subject of a *Bivens* claims, and Plaintiff does not contest this. Dkt. # 58 at 8. The Supreme Court has recognized the appropriateness of *Bivens* claims in only three contexts: (1) police search and seizure in violation of the Fourth Amendment, *Bivens*, 403 U.S. at 388; (2) gender discrimination by a congressman in violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1978); and (3) deliberate indifference toward a prisoner's medical needs in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). Because Plaintiff does not identify the constitutional basis for his relief in either his Complaint or Amended Complaint, the Court cannot determine whether his claims could conceivably fall into these three categories. Dkt. ## 5, 41. Plaintiff's Response to the second group of Defendants' Motions to Dismiss vaguely alludes to the right under the First Amendment to petition the court for grievances. Dkt. # 69. Even if this Court were to consider Plaintiff's Responses and improper filings in trying to find meaning in Plaintiff's constitutional allegations,[4] Plaintiff only passingly refers to identifies three amendments, the First, Ninth, and Fourteenth Amendments, none of which the Supreme Court recognizes as applicable to *Bivens* actions. Additionally, Plaintiff has an available remedy under PAEA before the PRC, and the Court is reluctant to intrude upon a statutory scheme designed to address Plaintiff's complaints by fashioning a novel *Bivens* remedy. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("So long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial imposition of a new substantive liability.").

Ultimately, Plaintiff's nonspecific and vague constitutional references, the failure to identify a constitutional violation, the risk of Court intrusion, and the relatively low-level of severity in the present case all indicate to this Court that allowing *Bivens* claims in this

---

[4] Dkt. ## 63, 67, 73, 74.

case would run afoul of *Ziglar*.[5] Plaintiff's *Bivens* claims would require extending the implied right of action described in *Bivens* into a new context and a large number of special factors counsel hesitation in this area. For these reasons, the Court declines to extend *Bivens* to the allegations in this litigation, and finds that Plaintiff has failed to state a *Bivens* claim.

Even if this Court were to entertain Plaintiff's *Bivens* claims, Plaintiff still fails to sufficiently allege a constitutional violation. Construed generously, Plaintiff's Complaint, which does not explicitly cite a single constitutional amendment, appears to outline a First Amendment retaliation claim based on Hemit's actions, i.e., allegedly putting trash in Plaintiff's mailbox and taking money out of Plaintiff's mail. Dkt. ## 5, 41. "To bring a First Amendment retaliation claim, the plaintiff must allege that (1) it engaged in constitutionally protected activity; (2) the defendant's actions would "chill a person of ordinary firmness" from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct—i.e., that there was a nexus between the defendant's actions and an intent to chill speech." *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016). Plaintiff does not show what protected activity, if any, was a substantial motivating factor in Defendant's conduct. Even assuming that Plaintiff was retaliated against for generally complaining to some unidentified postal employee about Hemit's "bad attitude," Plaintiff fails to make any allegations supporting an argument that Defendants' conduct would "chill a person of ordinary firmness" from continuing to engage in that activity. Moreover, as to Plaintiff's Response that he is seeking relief under the First Amendment's right to petition the court for grievances, Plaintiff fails to respond to Defendants' argument that

---

[5] Plaintiff also seeks to use this lawsuit as a vehicle to change Post Office complaint procedures. Dkt. # 41 at 3. However, the purpose of a *Bivens* remedy is not to "alter an entity's policy." *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001).

there is already an administrative system, the PRC, which is adequate to redress his alleged grievances.[6]

Finally, to the extent that Plaintiff seeks relief under certain criminal statutes at 18 U.S.C. §§ 1700-1703, the Court declines to recognize these claims as viable. Section 1983 does not provide a remedy for violations of federal statutes unless those statutes create a private right of action that is enforceable in a damages action, and "anything short of an unambiguously conferred right" will not support such an action. *Gonzaga v. Doe*, 536 U.S. 273, 282-283, 285 (2002). The plaintiff bears the burden of showing that the statute in question confers a private right of action. *Gonzaga*, 536 U.S. at 284. "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under Section 1983 or under an implied right of action." *Gonzaga*, 536 U.S. at 286. Here, Plaintiff has not met his burden to demonstrate that any of the federal criminal statutes on which he relies create a private right of action enforceable under Section 1983. Multiple courts have recognized that these statutes do not create any private causes of action. *See, e.g.*, *Diaz v. City of San Fernando*, Civ. No. 13-6047 DDP (AJW) 2015 WL 13237402 at *5 (C.D. Cal. June 18, 2015) (listing case authority holding no private right of action under 18 U.S.C. §§ 1700-1703), *report and recommendations adopted*, Civ. No. 13-6047 DDP AJW) 2015 WL 13238926 (C.D. Cal. Aug. 28, 2015); *Sciolino v. Marine Midland Bank-Western*, 463 F. Supp. 128, 131-34 (W.D.N.Y. 1979) (holding that there is no civil cause of action under 18 U.S.C. §§ 1702, 1703(b), which prohibit the obstruction of correspondence or the delay or destruction of mail); *see also Gonzalez v. United States*, EP–14–CV–263–PRM, 2015 WL 13345624, at *6 (W.D. Tex. Sept. 14, 2015), *aff'd*, 681 Fed. Appx. 310 (5th Cir. 2017)

---

[6] Due to a lack of specificity in Plaintiff's allegations, the Court cannot definitively say at this point that all Defendants are entitled to qualified immunity. Dkt. ## 58 at 12-13; 66 at 2. While this may ultimately be a meritorious argument, the Court need not reach this question at this time.

1  (concluding the provisions of 18 U.S.C. §§ 1701–09 do not provide for a private cause of
2  action).[7]
3      Accordingly, the Court finds that in addition to lacking subject matter jurisdiction,
4  Plaintiff has failed to state a claim under any basis, through *Bivens* or otherwise.[8]

**C. The Court Grants Plaintiff Leave to Amend**

Dismissal of a *pro se* complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment. *Terrell v. JPMorgan Chase Bank N.A.*, C14-930 MJP, 2014 WL 5449729, at *1 (W.D. Wash. Oct. 24, 2014) (citing *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002)). "A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile." *Id*.

The Court is skeptical that Plaintiff can overcome the jurisdictional deficiencies in his Complaint. Nonetheless, in considering Plaintiff's *pro se* posture, the Court finds it premature to dismiss this case with prejudice at this juncture. Defendants also do not argue that permitting leave to amend would be futile. The Court shall thus afford Plaintiff one opportunity to amend his Complaint to cure the deficiencies identified above. **Plaintiff shall file his amended pleading no later than two weeks after the date of this Order**. If Plaintiff fails to adequately allege subject matter jurisdiction, or if Plaintiff fails

---

[7] Plaintiff also briefly cites to certain Washington criminal theft (RCW 9A.56.030) and nuisance statutes (RCW 9.66 "et. seq"; RCW 7.48 "et. seq."), as well as 39 CFR § 447.21 ("Prohibited Conduct"). Dkt. # 41 at 3. However, Plaintiff fails to allege how these statutes or rules apply to Defendants' conduct, or whether they create private rights of action. Moreover, under Washington law Plaintiff is not entitled to bring or enforce these state criminal charges as private actions. RCW 10.37.015(1) ("No person shall be held to answer in any court for an alleged crime or offense, unless upon information filed by the prosecuting attorney or upon an indictment by a grand jury").

[8] Additionally, the Court declines Plaintiff's request to sanction Defendants' attorneys, as Defendants' Motions are meritorious. Dkt. # 69 at 2.

to file an amended pleading by this deadline, this Court will dismiss this action with prejudice either *sua sponte* or by motion.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are both **GRANTED.** Dkt. ## 58, 66. Plaintiff's "Motion to Expedite re Motions to Dismiss" (Dkt. # 75) is **DENIED AS MOOT**. Plaintiff shall file an amended pleading within two weeks of the date of this Order.

Dated this 30th day of July, 2018.

The Honorable Richard A. Jones
United States District Judge